## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  3:03-cv-818-WDS |
| MICK KEANE'S EXPRESS DELIVERY SERVICE, INC., a corporation, and FREDDIE WASHINGTON, | ) ) ) ) ) | |
| Defendants. | ) | |

### PROTECTIVE ORDER

This matter is before the Court on the Motion for Protective Order filed by the plaintiff, Ohio Casualty Insurance Company, on June 20, 2005 (Doc. 118).  The motion is **GRANTED**.

**IT IS HEREBY ORDERED THAT** the use, safekeeping and disclosure of all documents produced by Plaintiff subject to this Order shall be governed by the following terms and conditions:

1.      Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with respect to the claim guideline and non-compensation employee job description information for relevant employees, including claim analysts (hereinafter collectively referred to as "Protected Matter").  Plaintiff shall mark all documents it desires treated as Protected Matter with a legend stating "Confidential."

2.      Pursuant to the terms of this Protective Order, the Court specifically limits the disclosure in any manner or fashion of the Protected Matter, such that the Protected Matter may be disclosed only to the following persons or entities: the Defendants, Freddie Washington and Mick Keane's Express Delivery Service, Inc.; the attorneys of record for the said Defendants; the Third Party Defendants, Affiliated Insurance Agencies, Inc., Heyl, Royster, Voelker & Allen, P.C. and

Kent L. Plotner; the attorneys of record for said Third Party Defendants; any person whose testimony is taken or is to be taken in this cause, and who has consented in writing to be bound by the provisions of this Order, except that he or she may be shown copies of Protected Matter only during his or her testimony and in preparation therefor; and stenographic reporters recording testimony in this cause.

3.      The Protected Matter shall not be filed in the public record of the present litigation, nor shall Protected Matter be provided to any other person or entity in this or any other litigation, except those named in Paragraph 2 of this Order, without an Order of this Court.  Copies of papers to be filed in court shall not contain Protected Matter unless it is essential. All papers containing Protected Matter shall be filed *in camera*, and all transcripts or other documents containing Protected Matter shall be filed with the clerk of court in sealed envelopes marked "Confidential." The clerk of court is directed to hold all such documents in a manner that will safeguard the confidential nature thereof.

4.      At the conclusion of this litigation, the Defendants, Third Party Defendants, clerk of this court and all other persons having possession or control of Protected Matter or copies thereof shall return such materials to Plaintiff's counsel. All counsel agree not to retain a copy of any of the papers which comprise the Protected Matter and agree to continue to maintain the protected status of the Protected Matter pursuant to and consistent with the requirements of this Order.

5.      Protected Matter shall be used solely for the purposes of this litigation and not for any other litigation or business purpose whatever.  All Protected Matter and all copies of documents referring to Protected Matter shall be kept by counsel herein in a place appropriately safe given its confidential status.  Protected Matter may be disclosed only to the extent necessary for conducting

this litigation, only when disclosure is accompanied by a copy of this Order, and only to the persons identified in Paragraph 2 of this Order.

6.      Plaintiff shall produce the Protected Matter on or before June 21, 2005 in accordance with the Order of June 8, 2005, and Plaintiff shall furnish one copy of the Protected Matter to each attorney of record, and no further copies shall be made, except copies to be offered as evidence in these proceedings.

7.      Plaintiff's counsel shall be responsible to collecting, at the conclusion of this matter, any material covered by this protective order.

**DATED:  June 21, 2005.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**