IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OHIO CASUALTY INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **MICK KEANE'S EXPRESS DELIVERY SERVICE, INC. and FREDDIE WASHINGTON,** | ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | Civil No. 03-818-WDS |
| **MICK KEANE'S EXPRESS DELIVERY SERVICE, INC.,** | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| **AFFILIATED INSURANCE AGENCIES, INC., HEYL, ROYSTER, VOELKER, & ALLEN, P.C., and KENT L. PLOTNER,** | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are separate motions to dismiss filed by third-party defendants Heyl, Royster, Voelker & Allen, P.C., and Kent L. Plotner (hereafter, the "Heyl group"), and third-party defendant Affiliated Insurance Agencies, Inc. ("Affiliated"), to which third-party plaintiff Mick Keane's Express Delivery Service, Inc. ("Mick Keane") has filed a single response.

Plaintiff Ohio Casualty Insurance Company ("Ohio") seeks a declaratory judgment that it has no duty to defend or indemnify defendant/third-party plaintiff Mick Keane against an

underlying lawsuit filed by defendant Freddie Washington.  In turn, Mick Keane filed a third-party complaint against Affiliated, asserting claims for breach of contract, breach of fiduciary duty, and negligent misrepresentation, and against the Heyl group, asserting claims for breach of contract, breach of fiduciary duty, and legal malpractice.

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, a defending party, as a third-party plaintiff, "may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

Here, as third-party plaintiff concedes in its response, Ohio Casualty's complaint for declaratory judgment does not create a claim against Mick Keane for which Affiliated or the Heyl group could be liable in whole or in part.  See, *United States Fire Ins. Cop. v. Reading Municipal Airport Authority*, 130 F.R.D. 38 (E.D.Pa. 1990)(in duty to defend case, defendant insured may not under Rule 14(a) assert claims in third-party complaint for negligence and breach of contract against insurance agent).  Thus, Mick Keane may not bring in Affiliated and the Heyl group as third-party defendants under Rule 14(a).  Because a dismissal would not constitute a ruling on the merits, Mick Keane asks, if the Court chooses not to exercise supplemental jurisdiction over its third-party claims, that its third-party complaint be dismissed without prejudice so that Mick Keane may file its claims in state court.

The Court **DECLINES** to exercise supplemental jurisdiction over the third-party complaint.  Accordingly, the Court **GRANTS** the third-party defendants' motions to dismiss (Docs. 74, 90), and **DISMISSES** the third-party complaint (Doc. 60) without prejudice.

**IT IS SO ORDERED.**

**Dated: June 22, 2005**

                                                                         s/WILLIAM D. STIEHL
                                                                            **District Judge**