## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OHIO CASUALTY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CAUSE NO. 03-CV-818-WDS** |
| ) | |
| **MICK KEANE'S EXPRESS DELIVERY** ) | |
| **SERVICE, INC., a corporation, and** ) | |
| **FREDDIE WASHINGTON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **MICK KEANE'S EXPRESS DELIVERY** ) | |
| **SERVICE, INC., a corporation,** ) | |
| ) | |
| **Counterplaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **OHIO CASUALTY INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Counterdefendant.** ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is counter-defendant Ohio Casualty Insurance Company's motion to dismiss Count II of counter-plaintiff Mick Keane's Express Delivery Service, Inc.'s Second Amended Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to which counter-plaintiff has filed a response.

## BACKGROUND

Plaintiff/counter-defendant Ohio Casualty Insurance Company ("Ohio Casualty") seeks a declaratory judgment that it has no duty to defend or indemnify defendant/counter-plaintiff Mick

Keane's Express Delivery Service, Inc. ("Mick Keane") in an underlying personal injury lawsuit filed by defendant Freddie Washington against Mick Keane.  In its counterclaim, Mick Keane seeks a declaratory judgment that Ohio Casualty is liable to Mick Keane for damages incurred as a result of the judgment entered against Mick Keane in the underlying Washington action (Count I), and also alleges a breach of contract claim (Count II).  Ohio Casualty moves to dismiss Count II on the ground that it fails to state a claim for breach of contract under Missouri law.[1]

## ANALYSIS

Dismissal is proper under Rule 12(b)(6) only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).  To state a cause of action for breach of contract under Missouri law, "a plaintiff must allege the following: 1) the existence of an enforceable contract between the parties; 2) mutual obligations arising under the terms of the contract; 3) defendant did not perform; and 4) plaintiff was thereby damaged from the breach." *Rice v. West End Motors, Co.*, 905 S.W.2d 541, 542 (Mo. Ct. App. 1995).

Ohio Casualty argues that Count II is deficient because it states only that "Ohio Casualty breached its duties pursuant to the contracts for insurance between it and Keane" and that "Ohio Casualty has refused to defend and indemnify Keane's for the $825,000 judgment plus interest, costs and attorney's fees."  Ohio Casualty argues that: "Without any allegations setting forth that Ohio Casualty had a duty to defend or indemnify, the reader is left to wonder at the relevance of this [latter] statement.

Upon review of Count II, the Court finds that Ohio Casualty's argument is spurious.

---

[1]The parties do not dispute that, because the insured is a Missouri corporation and the insurance policy was issued in Missouri, Missouri law applies.

Clearly, one may reasonably infer from the allegations in Count II of the counterclaim that the duties that Ohio Casualty allegedly breached are the duties to defend and indemnify Mick Keane with respect to Washington's underlying personal injury action. See, *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir. 1996) (Court "accept[s] as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations") (cite omitted).

## CONCLUSION

Based on the foregoing, the Court **DENIES** counter-defendant Ohio Casualty Insurance Company's motion to dismiss (Doc. 123) Count II of counter-plaintiff Mick Keane's Express Delivery Service, Inc.'s Second Amended Counterclaim.

**IT IS SO ORDERED.**

**DATED:   August 3, 2005**.


**s/ WILLIAM D. STIEHL**
   **DISTRICT JUDGE**