IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY and WEST AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 03-818-WDS |
| MICK KEANE'S EXPRESS DELIVERY SERVICE, INC. and FREDDIE WASHINGTON, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Freddie Washington's motion to continue trial date, which, upon review, the Court construes as a motion to stay this action.

Washington filed a personal injury action in state court against defendant Mick Keane's Express Delivery Service, Inc. In that action, a judgment was entered in favor of Washington in the amount of $825,000. In this federal action, the parties have filed complaints and counterclaims for declaratory judgment, asking the Court to enter a judgment declaring the rights of the parties under Mick Keane's insurance policy providing $300,000 in automobile liability coverage. In addition, West American Insurance Company also filed a complaint for declaratory judgment against Mick Keane, deriving from the same underlying state court lawsuit; that action for declaratory judgment was recently consolidated with the instant action.

In the state court action, Mick Keane was represented by attorney Paul Vaporean of the law firm Cavanagh & Hartweger. After Vaporean entered his appearance, the state court struck

Mick Keane's answer due to discovery violations, entered default judgment against Mick Keane, and conducted a hearing on damages, resulting in the $825,000 judgment. Vaporean failed to present any evidence at the damages hearing. On March 18, 2005, Washington filed a motion to disqualify Vaporean, and his law firm, from the matter in this Court; as part of the motion, Washington noted that Mick Keane may have a legal malpractice claim that would disqualify Vaporean. Vaporean did not respond to the motion. The Court granted Washington's motion to disqualify on April 6, 2005.

On May 11, 2005, Mick Keane filed a lawsuit against Cavanagh & Hartweger and Paul Vaporean for attorney malpractice, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. The malpractice action seeks damages in the sum of $825,000 plus all interest accrued and attorney's fees and costs in the Washington suit.

Washington seeks to continue the present action so as to allow the malpractice action to proceed to trial first, since a resolution of that action may bring a final resolution to the case before the Court.

In her motion, Washington asserts that all parties agree to a continuance. Mick Keane filed a response to the motion, asserting that it has no objection, and that it agrees that the disposition of the legal malpractice action may bring a final resolution to the instant matter. However, plaintiff Ohio Casualty Insurance Company has filed an objection. Stating that it originally had no problem with the continuance, it now objects because it has learned that on August 19, 2005, it was joined as a third-party defendant in the legal malpractice action filed by Mick Keane. Plaintiff represents to the Court that it would have no objection to a continuance in the event that the third-party complaint is dismissed or severed, but that if it is to remain a party

to the state court case, then it wants to proceed to trial in the federal forum that it chose.

While the Court is sympathetic to plaintiff's position, it overrules the objection and grants the motion to stay. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides the Court wide discretion to abstain from exercising jurisdiction in declaratory judgment actions. See, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 2140 (1995)(citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942)). Consequently, stays granted pursuant to the Declaratory Judgment Act are not subject to the "exceptional circumstances" standard of the *Colorado River* doctrine found in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236 (1976).

Here, a resolution of the state court malpractice action may dispose of this case. The Court finds that for purposes of judicial economy, it is reasonable to stay this action.

Accordingly, defendant Freddie Washington's motion to stay is **GRANTED**. This action is hereby **STAYED** pending resolution of the state court malpractice action (*Mick Keane's Express Delivery Service, Inc. v. Cavanagh & Hartweger, L.L.C. and Paul Vaporean*, 05-L-457). The parties are obligated to file a notice advising the Court of the outcome or resolution of that state action within thirty days of its completion. All pending motions are **DENIED** with leave to refile those motions should it become necessary after resolution of the state court action.

**IT IS SO ORDERED.**

Dated: September 14, 2005

s/*WILLIAM D. STIEHL*
**District Judge**